J-S37012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAFFA THORNTON-BEY | : | |
| | : | |
| Appellant | : | No. 638 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 30, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002361-2021

BEFORE:  BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                          **FILED OCTOBER 21, 2024**

Jaffa Thornton-Bey appeals from the judgment of sentence imposed after he pled guilty to statutory sexual assault and unlawful contact with a minor.  We affirm.

The factual basis for Appellant's plea is as follows.  Appellant met his victim in 2018 when he was in his mid-twenties.  That year, Appellant engaged in sexual intercourse with the victim near the time of her thirteenth birthday.  He again had intercourse with her when she was fifteen.  In 2021, the Commonwealth charged Appellant with a bevy of offenses related to this conduct.  Trial was scheduled and continued many times before he entered open guilty pleas to the crimes named above in exchange for the withdrawal of the rest.  The trial court accepted the plea and ordered a presentence investigation ("PSI").

The parties appeared for sentencing on November 30, 2023. The PSI revealed that Appellant had a prior record score of five, resulting in a standard guideline sentencing range for each offense of forty-eight to sixty months, plus or minus twelve months.[1] Appellant advocated for concurrent, mitigated-range sentences, citing his significant physical and mental health issues, childhood trauma, and the fact that he had accepted responsibility. The Commonwealth was amenable to mitigated range sentences but requested that they be imposed consecutively. It noted that lenity had already been granted through the agreement in that he plead guilty to only two of the charges when he admitted to two instances of statutory sexual assault of a child eleven years his junior. The Commonwealth also detailed the impact the crimes had on the victim, who had no support from her family and had to go into placement for mental health treatment.

The trial court ultimately opted to impose concurrent, mitigated-range sentences of forty-two to eighty-four months of incarceration followed by five years of probation, citing Appellant's choice to take responsibility as the basis for the mitigation. Appellant filed a timely post-sentence motion in which he asserted that his physical and mental health concerns warranted further mitigation. The trial court denied the motion by order of January 24, 2024, and this timely appeal followed. Thereafter, Appellant complied with the

_____

[1] Appellant was found not to be a sexually violent predator.

court's Pa.R.A.P. 1925(b) order, and the court authored a Rule 1925(a) opinion.

Appellant states the following issue for our review: "Whether the [trial] court abused its discretion by imposing an excessive sentence that failed to consider mitigating factors?" Appellant's brief at 6. The following legal principles govern our initial consideration of this claim:

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect [pursuant to] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Lucky*, 229 A.3d 657, 663–64 (Pa.Super. 2020) (cleaned up).

Appellant filed a timely notice of appeal, preserved his issue in a timely post-sentence motion, and included a Rule 2119(f) statement in his brief. Therein, he contends that his sentence is excessive because the trial court failed to consider mitigating factors. *See* Appellant's brief at 11. We conclude that Appellant has raised a substantial question triggering our review of the substance of his claim. *See*, *e.g.*, *Commonwealth v. Raven*, 97 A.3d 1244,

1253 (Pa.Super. 2014) ("[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.").

The following law pertains to the merits of Appellant's challenge:

> Appellant must demonstrate that the sentencing court abused its discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Solomon**, 247 A.3d 1163, 1168 (Pa.Super. 2021) (cleaned up). Critically, "[w]here the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Torres**, 303 A.3d 1058, 1065 (Pa.Super. 2023) (cleaned up). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." **Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa.Super. 2009).

While broad, "the trial court's discretion is not unfettered." **Commonwealth v. Coulverson**, 34 A.3d 135, 144 (Pa.Super. 2011). The sentence imposed "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "When imposing sentence, a court is required to consider the particular circumstances of the offense and the

character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." ***Commonwealth v. Taylor***, 277 A.3d 577, 593 (Pa.Super. 2022) (cleaned up).

Appellant states as follows to support his claim that the trial court imposed an excessive sentence because it failed to consider mitigating factors:

> Appellant . . . presented ample mitigating evidence in the form of information throughout the [PSI report], sentencing memorandum, and hearing stages of sentencing. Appellant had physical conditions such as diabetes and Addison's Disease that had already created issues during his pre-sentence detention. Appellant also suffered from several psychological conditions that were well-documented from his youth. Finally, Appellant was the victim of trauma throughout his life, including the loss of his grandfather to gun violence.
>
> This mitigation was presented not only at sentencing, but also during the pre-sentence interview to Adult Probation and Parole, which was later reflected in the [PSI] report. This was also presented in Appellant's pre-sentence memorandum. This information was clearly compelling enough to lead the lower court to issue a recommendation to the Department of Corrections to place Appellant at a facility that could provide for his physical and psychological health. But despite this, Appellant submits that the sentence does not reflect an adequate consideration of these mitigating factors.

Appellant's brief at 12-13.

Appellant's allegation of the court's failure to consider the mitigating evidence is thus belied by his own argument. Additionally, as the court had the benefit of a PSI report, we presume that it was aware of all the relevant

information. **See Torres**, 303 A.3d at 1065. Moreover, a review of the transcript of the sentencing hearing confirms that the trial court not only heard and contemplated the mitigating evidence, but it fashioned his sentence in accordance therewith. **See** N.T. Sentencing, 11/30/23, at 22-29 (wherein the court, *inter alia*, ordered a mental health evaluation and treatment and included with the sentencing order a recommendation that Appellant be placed at a facility equipped to treat his specific mental and physical health conditions, but expressed concern about his potential for rehabilitation considering his significant criminal history).[2]

In sum, Appellant has not presented us with an abuse of discretion, but rather a request for us to re-weigh the sentencing factors and impose an even further mitigated sentence. This we cannot and will not do. **See Macias**, 968 at 778. Therefore, we affirm the trial court's reasonable and thoughtfully-considered sentence.

Judgment of sentence affirmed.

---

[2] The sentencing transcript is not in the certified record, but it is included in Appellant's reproduced record. As the Commonwealth does not contest the accuracy of the document, we choose to consider it. **See Commonwealth v. Holston**, 211 A.3d 1264, 1276 (Pa.Super. 2019) (*en banc*) (citing Pa.R.A.P. 1921, Note) ("[W]here the accuracy of a document is undisputed and contained in the reproduced record, we may consider it.").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/21/2024